FROEB, Judge,
dissenting:
In my opinion, the Arizona Civil Rights Division (ACRD) was acting within its authority when it brought an anti-discrimination suit on behalf of James Ray. This was Count I of the complaint. Count II of the complaint deals not with the claim of an individual, but purports to be a class-wide claim going beyond the scope of the individual claim. The issue in this appeal is whether there is any statutory authorization for ACRD to bring the class-wide claim in Count II. In my opinion, the trial court correctly decided there was none. I would therefore affirm the order dismissing Count II.
The key to this case is the difference between the Arizona and Federal Civil Rights Acts. The Arizona law is derived from its federal counterpart, but important provisions were not adopted by the Arizona Legislature. The omitted provisions, in my opinion, clearly indicate that our legislature did not intend that ACRD should have the authority to bring suit for a claimed system-wide pattern of discrimination by an employer in the absence of a specific *315 charge made by one or more individuals. The authority to do so remains with E.E. O.C. under federal law.
The majority finds there are inferences arising out of the key statute, A.R.S. § 41-1481, both for and against the existence of class action authority. While I do not think there is a reasonable inference from language in the statute supporting the class action, the ambiguity of competing inferences found by the majority should alone be sufficient to show that the legislature did not intend to grant something so indefinite.
The federal provision omitted in the Arizona enactment is 42 U.S.C.A. 2000e-6 (hereafter “section 707”). This is the “pattern-or-practice” provision by which E.E. O.C. is authorized to bring class-wide suit. In juxtaposition to this is 42 U.S.C.A. 2000e-5 (hereafter “section 706”) which authorizes court action following a charge of discrimination by an aggrieved person. The latter provision is essentially re-enacted in Arizona by virtue of A.R.S. § 41-1481. Section 707 was not.
The majority opinion points to certain words in A.R.S. § 41-1481 referring to more than one “employee” or “individual” as suggestive of authority for class-wide relief. In my view, this is far from compelling. The plural term simply means that a charge may be brought by more than one person and that several may be brought together. It does not mean that a class-wide claim may be brought on behalf of unidentified persons in the absence of individual charges.
Some mention of the 1980 United States Supreme Court decision in General Telephone Co. of Northwest, Inc. v. EEOC is appropriate, although the case deals only with whether E.E.O.C. was required to comply with rule 23, Federal Rules of Civil Procedure (class actions) in bringing its suit. The case does nothing to demonstrate that the Arizona Legislature intended to incorporate into § 41-1481 class-wide suit authority analogous to that given E.E. O.C. in section 707. The fact that class-wide relief was brought by E.E.O.C. under section 706 in General Telephone and that the latter refers to section 706 and not to section- 707, reflects only that the class-wide authority given E.E.O.C. under section 707 is exercised through section 706 by reason of the express language of 42 U.S.C.A. 2000e-6(e).
A final issue relates to the applicability of rule 23, Arizona Rules of Civil Procedure. Since there is no statutory authority for ACRD to bring class-wide relief, rule 23 cannot supply it. In any event, ACRD is not itself a member of a class which can sue as a representative on behalf of others similarly situated. Thus, ACRD cannot meet the rule 23 threshold test even if the absence of statutory authority were no barrier.
I would affirm the judgment.